**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY,**
**Appellant–Plaintiff,**

v.

**Ben STEELE, As Personal Representative of the Estate of Lois Koors, and Clemon Koors, As Personal Representative of the Estate of Jeffrey Koors, Appellees–Defendants.**

**No. 21A01–9302–CV–49.**

Court of Appeals of Indiana, First District.

Oct. 27, 1993.

Michael E. Brown, John B. Drummy, Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, David L. Copenhaver, Scotten, &

Hinshaw, New Castle, for appellant-plaintiff.

Kevin W. Ault, Rushville, for appellees-defendants.

BAKER, Judge.

Are clauses in automobile insurance policies that exclude coverage for bodily injury to a spouse who resides in the same household as the insured, contrary to public policy? The trial court held that household exclusion clauses contravene public policy implicit in Indiana's current Guest Statute, IND.CODE 34–4–40–3, and former Financial Responsibility Law, IND.CODE 9–1–4–3.5.[1] Therefore, the trial court entered partial summary judgment for the appellees-defendants, Estate of Lois Koors and Estate of Jeffrey Koors. The appellant-plaintiff United Farm Bureau Mutual Insurance Company (UFB) instituted this interlocutory appeal.

We disagree with the trial court's holding.

## FACTS

On August 20, 1989, Jeffrey Koors failed to negotiate a turn when he was driving his truck. Koors died instantly when his truck overturned. His three passengers included his wife, Lois Koors, Bertha Elder, and Tina Horn. Only Bertha survived the accident. At the time of the accident, Jeffrey maintained an automobile insurance policy with UFB. The liability coverage was $50,000 per person and $100,000 per accident. The policy contained the following household exclusion clause: "This insurance does not apply to ... bodily injury to ... any person related to the insured by ... marriage ... and who is a resident of the same household as the insured." *Record* at 20.

UFB settled with Tina's estate and with Bertha in 1990, paying each $50,000 on

their claims. On June 11, 1991, Lois's estate filed a wrongful death action against Jeffrey's estate. On November 12, 1991, UFB sought a declaratory judgment that 1) no coverage existed for Lois against Jeffrey due to the household exclusion clause, 2) the liability coverage limits had been exhausted and UFB had no further obligation under the policy, and 3) UFB had no further duty to defend Jeffrey. On June 16, 1992, UFB filed a motion for summary judgment.

After a hearing, the trial court held that the household exclusion clause violated public policy in relation to the Guest Statute and the Financial Responsibility Law. It further held that even if the household exclusion clause was valid, coverage existed under the uninsured/underinsured provisions of the policy. The trial court also determined that the policy provisions terminating UFB's duty to defend Jeffrey were void against public policy. The trial court granted partial summary judgment in favor of the estates. Lastly, the court retained the issue of whether UFB acted in bad faith when it settled its claims with Tina's estate and Bertha.

UFB filed this interlocutory appeal challenging the partial summary judgment against it. We accepted jurisdiction pursuant to Ind. Appellate Rule 4(B)(6).

## ISSUES[2]

The dispositive certified issues are:

1. Whether a family or household exclusion clause in an automobile liability insurance policy, excluding coverage for bodily injury to the insured or to any person related to the insured by blood, marriage or adoption and who is a resident of the same household as the insured, is contrary to the public policy of Indiana, as expressed in legislative enactments, particularly I.C. 9–

---

1. Now IND.CODE 9–18–2–11 (1991).

2. Two other certified issues were: 1) Whether once Farm Bureau exhausted the liability insurance limits under its policy in payment of claims made against the Estate of Jeffrey Koors, it had any obligation under the liability insurance portion of the policy with respect to other claims against the estate; and 2) Whether a

provision of a liability insurance policy terminating the obligation of the insurer to defend upon the payment of the liability insurance limits is against the public policy of the State of Indiana. Since we find reversible error regarding the other two issues, we do not address these additional issues.

1–4–3.5 [Financial Responsibility Law] and I.C. 34–4–40–3 [Guest Statute].

2. Whether the Estate of Lois Koors is entitled to collect from [UFB] under the uninsured/underinsured portions of its policy those amounts it may be legally entitled to collect from the Estate of Jeffrey Koors, given that Jeffrey Koors was operating at the time of the accident a motor vehicle owned by Jeffrey Koors and insured under the liability coverage provisions of the policy.

*Record* at 134–36.

## DISCUSSION AND DECISION

### I. Liability Coverage
### A. Standard of Review

■■■ In reviewing a grant of summary judgment, we consider the same issues as the trial court and apply the same standard. Ind. Trial Rule 56(C); *Walker v. Rinck* (1992), Ind., 604 N.E.2d 591, 593. Summary judgment is proper only when no genuine issue of any material fact exists and the moving party is entitled to a judgment as a matter of law. *Id.* UFB must persuade us that the trial court erroneously granted summary judgment. *Id.* Here, the facts are not in dispute. Therefore, our task is to determine the law applicable to the undisputed facts and whether the trial court correctly applied the law. *See Deadwiler v. Chicago Motor Club Insurance Co.* (1992), Ind.App., 603 N.E.2d 1365, 1366, *trans. denied* (1993).

### B. Financial Responsibility Law

The legal issue we face is whether our legislature has invalidated the inclusion of household exclusion clauses in automobile insurance policies. The trial court held UFB's household exclusion clause contravenes the public policy inherent in the Financial Responsibility Law and the Guest Statute, which imposes liability on spouses whose willful or wanton misconduct while operating a vehicle causes damages or loss to a spouse. We disagree with the trial court's conclusion of the status of the law regarding household exclusion clauses.

UFB correctly asserts that Indiana courts have upheld household exclusion clauses several times. Our supreme court upheld the validity of a household exclusion clause after analyzing a predecessor financial responsibility statute, IND.CODE 9–2–1–4 (Supp.1981), in *Allstate Insurance Co. v. Boles* (1985), Ind., 481 N.E.2d 1096, 1101. In *Boles*, I.C. 9–2–1–4, the pertinent statute in effect at the time the clause was drafted, did not require proof of financial responsibility until after the occurrence of an accident. The *Boles* court concluded that I.C. § 9–2–1–4 was not a compulsory insurance statute. The *Boles* court stated, "We fail to see in which sense the household exclusion clause contravenes public policy implicit in Ind.Code § 9–2–1–1 et seq., when the Act only requires liability insurance for injuries sustained by persons other than the insured and when the Act does not mandate insurance to be the means of proving financial responsibility." *Boles, supra,* at 1101.

In 1982, the legislature enacted I.C. 9–1–4–3.5, which required motorists to show proof of financial responsibility before a vehicle could be registered in Indiana. Indiana thus became a compulsory financial responsibility state. In 1990, our supreme court addressed whether the change in the financial responsibility statute rendered household exclusion clauses inconsistent with public policy. *See Transamerica Insurance Co. v. Henry* (1990), Ind., 563 N.E.2d 1265. *Henry* reaffirmed the *Boles* holding under I.C. 9–1–4–3.5. The *Henry* court based its decision on the fact that the legislature had the opportunity to express an intent to void household exclusion clauses when it adopted the compulsory financial responsibility statute, but failed to do so. *Henry, supra,* 563 N.E.2d at 1268–69. *Henry* noted that in 1977, our court expressly invited the legislature to explicitly nullify household exclusion clauses in *United Farm Bureau Mutual Insurance Co. v. Hanley* (1977), 172 Ind.App. 329, 360 N.E.2d 247. *Henry, supra.* The legislature has never heeded *Hanley's* invitation.

■■■ In the present case, the trial court's decision slights the *Henry* ruling

interpreting I.C. 9–1–4–3.5. We must presume that the legislature was aware of judicial interpretation of the financial responsibility statutes and did not intend to make any change beyond what it declared in express terms or by unmistakable implication. *See State Farm Fire & Casualty v. Structo Division, King Seeley Thermos Co.* (1989), Ind., 540 N.E.2d 597, 598; *Vandiver v. Marion County* (1990), Ind.App., 555 N.E.2d 839, 843. *Henry* deemed the legislature's continual failure to express an intent to void household exclusion clauses constitutes continuing legislative acquiescence in the validity of such clauses. We must give proper precedential value to *Henry's* holding.[3] UFB was entitled to summary judgment as a matter of law.

### C. Guest Statute

The trial court also relied upon Indiana's Guest Statute in determining the household exclusion clause violates public policy. The Guest Statute recognizes liability of a person whose willful and wanton conduct while operating a vehicle causes damages or loss to the driver's spouse. The trial court erroneously rationalizes that insurance coverage must also be provided to cover liability arising under the Guest Statute. Although the *Henry* court did not expressly address the effect of the Guest Statute, its decision supports the opposite conclusion reached by the trial court here. In *Henry,* the household exclusion clause precluded coverage for injuries sustained by a resident of the named insured's household, namely the insured's son. *Henry, supra,* 563 N.E.2d at 1266. The result in *Henry* suggests the household exclusion clause was not inconsistent with the Guest Statute.

Moreover, the Financial Responsibility Law, I.C. 9–1–4–3.5, did not require motorists to obtain insurance for coverage of possible liability under the Guest Statute. In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does

say. *Van Orman v. State* (1981), Ind. App., 416 N.E.2d 1301, 1305. We may not read into the statute that which is not the expressed intent of the legislature. *St. Anthony Medical Center, Inc. v. Smith* (1992), Ind.App., 592 N.E.2d 732, *trans. denied.* The trial court erred as a matter of law in concluding household exclusion clauses are inconsistent with the the policies of the Guest Statute and Financial Responsibility Law.

Because the household exclusion clause was valid and not contrary to public policy, UFB is entitled to summary judgment on this ground.

### II. Uninsured/Underinsured Coverage

The trial court further held that even if the household exclusion clause was valid, coverage existed under the uninsured/underinsured provisions of the policy. The policy contained the following definitions:

[A]n underinsured motor vehicle does not include a land motor vehicle or its equipment:

1. insured under the liability coverage of this policy;

2. owned by, furnished to, or available for the regular use of you or any relative.

[A]n uninsured motor vehicle does not include a land motor vehicle or its equipment:

1. insured under the liability coverage of this policy;

2. owned by, furnished to or available for the regular use of you or any relative.

*Record* at 16–17. The policy excludes uninsured/underinsured coverage for Lois's estate because UFB insured Jeffrey's truck.

In *Whitledge v. Jordan* (1992), Ind.App., 586 N.E.2d 884, 885, we stated that Indiana's uninsured motorist statute, IND. CODE 27–7–5–4, defines an uninsured vehicle as a vehicle without liability insurance. Similarly, UFB's policy language excludes from uninsured/underinsured coverage any

---

3. Today, we again observe the legislature's declination to void household exclusion clauses in light of its 1991 enactment of the financial responsibility law as a new code section without changing its substantive language. *See* IND. CODE 9–18–2–11.

vehicle with liability coverage under the policy.

Additionally, we are mindful that any insurance language which dilutes statutory protections is contrary to public policy. *See Peterson v. Universal Fire and Casualty Insurance Co.* (1991), Ind. App., 572 N.E.2d 1309, 1312. The uninsured motorist statute is violated if an insurance policy limits uninsured motorist protection as to persons who would otherwise qualify as insureds for liability purposes. *Id; Whitledge, supra,* 586 N.E.2d at 887. Lois did not qualify for benefits under the liability coverage due to the household exclusion. UFB's definitions do not limit or diminish the protection required by the uninsured motorist statute. *See id.* Thus, we conclude that the UFB provisions are not contrary to public policy in this respect. The trial court's decision finding uninsured/underinsured coverage is clearly erroneous.

Judgment reversed and remanded with instructions to enter summary judgment in favor of UFB.

NAJAM and SULLIVAN, JJ., concur.