**Bun C. & Harriet K. LIM,
Appellants–Plaintiffs,**

**v.**

**Edward A. WHITE, successor to, AHI, Inc./Fort Wayne Airport & H–W Hotel Investors d/b/a Airport Hilton, Appellees–Defendants.**

No. 02A03–9506–CV–211.

Court of Appeals of Indiana.

Feb. 13, 1996.

---

Roger B. Finderson, Max A. Myers, Fort Wayne, for Appellants.

James D. Streit, Shambaugh, Kast, Beck & Williams, Fort Wayne, for Appellees.

## OPINION

STATON, Judge.

Bun C. and Harriet K. Lim appeal from a summary judgment in favor of Edward A. White, successor to AHI, Inc./Fort Wayne Airport & H–W Hotel Investors, d/b/a Airport Hilton, in the Lims' action for damages based on a lapse in health insurance coverage.[1] The Lims raise one (restated) issue for

---

1. Hereafter, Bun C. and Harriet K. Lim will be referred to individually as "Bun" and "Harriet"; they will be referred to collectively as "the Lims". Edward A. White, successor to AHI, Inc., will be referred to as "AHI". Having de-

appellate review: whether federal law requires a group medical insurance plan administrator to provide notice of continuation coverage to qualified beneficiaries who are not entitled to elect continuation coverage.

We affirm.

The undisputed facts reveal that in December of 1988, Bun was employed by AHI, Inc., at the Fort Wayne Airport Hilton. While an employee of AHI, Bun was covered under a group medical insurance plan sponsored by AHI. On December 29, 1988, AHI sold the Airport Hilton to H–W Hotel Investors ("H–W") and dissolved as a corporate entity. On that same date, AHI ceased to employ any persons, and its group medical insurance plan terminated. Although Bun continued working at the Airport Hilton as an employee of H–W, his health insurance benefits under H–W's plan were not effective until February 1, 1989.

Some time prior to December 29, 1988, Harriet became pregnant. H–W's insurance provider denied coverage of pregnancy-related medical expenses based on the determination that Harriet's pregnancy was a preexisting condition. Because Bun's coverage under AHI's group insurance terminated on December 29, 1988, the Lims were left without insurance coverage for the pregnancy and all other medical expenses incurred in January of 1989.

The AHI group insurance plan did not have a designated administrator; the administrative duties of the plan fell to the plan's sponsor, AHI. Upon AHI's sale of the hotel and termination of its employees, notice of continuation coverage was not provided to Lim or any other AHI employee. Based on this failure to notify, the Lims instituted this action to recover damages from AHI due to the lapse in their insurance coverage during January, 1989.

Both parties filed motions for summary judgment. The trial court granted AHI's motion, concluding that as a matter of law, COBRA notice was not required because AHI's plan terminated simultaneously with the qualifying event; that is, Bun's termination. Because continuation coverage was

unavailable, notice was unnecessary. It is from this order that the Lims appeal.

When reviewing the grant or denial of summary judgment, we use the same standard used by the trial court. *Ramon v. Glenroy Construction Co., Inc.,* 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C). In the context of cross-motions for summary judgment, the trial court must deal with each motion separately, construing the facts and inferences to be drawn therefrom in a light most favorable to the non-moving party. *Ace Rent–A–Car, Inc., v. Indianapolis Airport Authority,* 612 N.E.2d 1104, 1106 (Ind.Ct. App.1993), *trans. denied.* If the facts are undisputed, our task is to determine the law applicable to the undisputed facts, and whether the trial court correctly applied it. *United Farm Bureau Mutual Insurance Co. v. Steele,* 622 N.E.2d 557, 560 (Ind.Ct.App. 1993), *reh. denied.* The judgment of the trial court will be affirmed if it is sustainable on any basis. *Indiana Board of Public Welfare v. Tioga Pines,* 622 N.E.2d 935, 940 (Ind. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1302, 127 L.Ed.2d 654.

The Lims premise their claim on the amendments to the Employee Retirement Income Security Act (ERISA) contained in the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). 29 U.S.C.A. §§ 1161–1168 (West.Supp.1995). COBRA requires that group health plan administrators provide covered employees and qualified beneficiaries with continuation coverage when those individuals would otherwise lose coverage due to a qualifying event. 29 U.S.C.A. § 1161 (West Supp.1995). Termination is a qualifying event. 29 U.S.C.A. § 1163(2) (West Supp.1995). In addition, upon the occurrence of a qualifying event, COBRA requires that the plan administrator notify the beneficiary in writing of his right to continuation coverage. 29 U.S.C.A.

cĺared bankruptcy, H–W Hotel Investors d/b/a/

Airport Hilton is no longer a party to this action.

§ 1166(a)(4) (West Supp.1995). The right to continuation coverage begins on the date of the qualifying event, and as a general rule, terminates 18 months thereafter. 29 U.S.C.A. § 1162(2)(A)(I) (West Supp.1995). Alternatively, the right to continuation coverage terminates on "[t]he date on which the employer ceases to provide any group health plan to any employee." 29 U.S.C.A. 1162(2)(B) (West Supp.1995).

 It is undisputed that AHI, the plan sponsor and administrator, did not send the Lims notice of their right to continuation coverage when AHI terminated Bun on December 29, 1988. It is also undisputed that continuation coverage was unavailable as of December 29, 1988, because on that date, AHI ceased to provide any health plan to any employee.[2] 29 U.S.C.A. § 1162(2)(B). Thus, the issue is whether AHI was required to send notice of continuation coverage when, in fact, continuation coverage was not available. Resolution of this issue hinges on our construction of the above-referenced statutory provisions. Our standard of review is well-settled. A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.,* 600 N.E.2d 555, 558 (Ind.Ct.App. 1992), *adopted on transfer,* 608 N.E.2d 699 (Ind.1993). We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth,* 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied.*

 Under the plain language of COBRA, it is clear that the plan administrator is required to notify covered employees and qualified beneficiaries of their right to *continuation coverage* upon the occurrence of a qualifying event. 29 U.S.C.A. § 1166(a)(4); 29 U.S.C.A. § 1161. It is equally clear that the right to continuation coverage terminates on the date that the employer ceases to provide any group health coverage to any employee. 29 U.S.C.A. § 1162(2)(B). From this language it logically follows that when the qualifying event and the termination of the health plan occur simultaneously, continuation coverage is unavailable. Under such circumstances, COBRA's notice provisions are not triggered. To hold otherwise would require plan administrators to notify qualified beneficiaries of a non-existent fact, and would impermissibly extend the effect of the statute beyond its plain meaning.

We recognize that this conclusion creates a gap in coverage for individuals faced with these unusual circumstances. However, we are bound by the plain language of the applicable statutory provisions. Any changes therein must be made by our Congress. Because we conclude that AHI was not required to notify the Lims of their right to continuation coverage, the trial court correctly granted AHI's summary judgment motion.

Affirmed.

GARRARD and RUCKER, JJ., concur.

2. For the first time on appeal, the Lims argue that because their health insurance benefits under AHI's group plan did not actually end until December 31, 1988, they were provided two days of continuation coverage. This argument is waived for two reasons. First, it is waived because the Lims did not raise this argument in the trial court. *See Evans v. Tuttle by Tuttle,* 645 N.E.2d 1119, 1121 (Ind.Ct.App.1995) (a party may not raise an issue for the first time on appeal). Second, it is waived because the Lims expressly stipulated to the contrary; that is, they stipulated that the AHI group plan terminated on December 29, 1988. Record, p. 48. Stipulations of fact are conclusive upon both the parties and the court. *Wittwer v. Wittwer,* 545 N.E.2d 27, 29 (Ind.Ct.App.1989). A party cannot properly challenge facts on appeal to which it stipulated in the trial court. *Id.*