**Jeffery BLACKMON, Appellant–Plaintiff,**

v.

**Jack DUCKWORTH, Superintendent of the Indiana Reformatory, Appellee–Defendant.**

No. 48A04–9605–CV–180.

Court of Appeals of Indiana.

Dec. 18, 1996.

Opinion Denying Rehearing April 2, 1997.

Jeffery Blackmon, Pendleton, Appellant Pro Se.

Pamela Carter, Attorney General of Indiana, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Pro-se Plaintiff–Appellant Jeffery Blackmon (Blackmon) appeals from the trial court's entry of summary judgment in favor of Defendant–Appellee Jack Duckworth (Duckworth) following Blackmon's complaint for declaratory judgment.

We reverse and remand with instructions.

### ISSUE

Blackmon raises one issue which we restate as follows: Whether Ind.Code 11–11–5–5(a)(10), which entitles an inmate to have his or her prison record expunged of any reference to a charge for which the inmate is found not guilty, also entitles an inmate to expungement of all references to the incident giving rise to the charge located within the inmate's institutional packet.

### FACTS AND PROCEDURAL HISTORY

The following facts are undisputed. Blackmon is an inmate at the Indiana State Reformatory. Duckworth is the superintendent of the Reformatory. On July 20, 1994, Blackmon received a Report of Conduct for allegedly throwing hot water on a fellow inmate. He was charged with committing battery upon another person, a violation of Indiana Department of Correction's Disciplinary Code Number 102. Blackmon was immediately placed in administrative segregation pending the outcome of the disciplinary proceedings. On August 3, 1994, a hearing was held before the Indiana Reformatory Conduct Adjustment Board pursuant to Ind.Code 11–11–5–5 *et seq.*, and Blackmon was found not guilty of battery. Because Blackmon was found not guilty, no reference to the battery charge was included in the conduct section or any part of his institutional packet. However, Blackmon's institutional packet contains several references to the incident which gave rise to the charge. It is these references with which Blackmon takes issue.

Convinced that references to the incident remained in his prison record, Blackmon made repeated requests of the State Reformatory to view all confidential and other filings relating to the investigation of the battery incident. Upon being denied access to those files, Blackmon filed a complaint for declaratory judgment in the trial court asking that the court clarify his rights and the Department of Correction's obligations under Ind.Code 11–11–5–5(a)(10). Duckworth admitted in his answer that the IDOC Offender Information System maintains confidential files on all inmates, including Blackmon, which information is relevant to issues of institutional security and classification decision-making. Blackmon moved for summary judgment, and Duckworth cross-motioned. In support of his cross-motion for summary judgment, Duckworth designated the affidavits of the Administrative Assistant to the Superintendent of the Indiana State Reformatory and the Release Coordinator of the Reformatory. Both testified that they had

reviewed the Conduct Adjustment Board section of Blackmon's institutional packet and found no reference to the battery charge. Both men further opined that information regarding the altercation should be maintained because of its relevance to issues of institutional security and classification decision-making criteria.

The trial court heard argument on the motions on January 17, 1996, and on February 2, issued its order entering summary judgment in favor of Duckworth. Specifically, the trial court found in pertinent part as follows:

> The Court finds that, although Ind.Code § 11–11–5–5(a)(10) states that the plaintiff is entitled to have *his* record expunged in reference to the 1994 charge of battery of which he was found innocent, it cannot be inferred from that statute that the Indiana General Assembly intended that *all* Indiana Department of Correction records making any reference to that incident be expunged.
>
> The Court finds that there exists no reference to the 1994 charge of battery of which the Plaintiff was found innocent within the Conduct Section of the Plaintiff's Institutional Packet.
>
> The Court finds that Indiana Department of Correction has a valid interest in retaining any records of incidents and proceedings involving offenders within its custody and control for classification decision-making criteria and for institutional security purposes and safety concerns.
>
> IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment be GRANTED with prejudice, in favor of the Defendant and against the Plaintiff.

(R. 154–55). Blackmon appeals.

## DISCUSSION AND DECISION
### Standard of Review

In reviewing a ruling on a motion for summary judgment, we use the same standard used by the trial court. *Lim v. White,* 661 N.E.2d 566, 568 (Ind.Ct.App.1996). Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Indiana Patient's Compensation Fund v. Anderson,* 661 N.E.2d 907, 908 (Ind.Ct.App.1996), *trans. denied;* Ind.Trial Rule 56(C). Cross motions for summary judgment on the same issues do not alter our standard of review. Our inquiry remains whether a genuine issue of material fact exists which requires trial on the merits. *Fifth Third Bank of Southeastern Indiana v. Bentonville Farm Supply, Inc.,* 629 N.E.2d 1246, 1248 (Ind.Ct.App.1994), *reh'g denied, trans. denied.*

In the instant case, the meaning of a statute is at issue, and because the parties agree that the relevant facts are not in dispute, the construction of the statute is a pure question of law for which disposition by summary judgment is appropriate. *State Bd. of Accounts v. Indiana University Foundation,* 647 N.E.2d 342, 347 (Ind.Ct.App.1995), *trans. denied; Indiana Patient's Compensation Fund,* 661 N.E.2d at 908.

### Construction of 11–11–5–5(a)(10)

Blackmon contends that the trial court erred in its interpretation of Ind.Code 11–11–5–5(a)(10). Ind.Code 11–11–5–5 provides in pertinent part as follows:

> (a) Before imposing any disciplinary action, the department shall afford the person charged with misconduct a hearing to determine his guilt or innocence and, if guilty, the appropriate action.... In connection with the hearing, the person is entitled to:
>
> \*  \*  \*  \*  \*  \*
>
> (10) have his record expunged of any reference to the charge if he is found not guilty or if a finding of guilt is later overturned ...

Where a statute has not previously been construed, as here, the interpretation is controlled by the express language of the statute and general rules of statutory construction. *In re E.I.,* 653 N.E.2d 503, 507 (Ind.Ct.App.1995). We examine and interpret statutes as a whole, giving words their common and ordinary meaning. *Indiana Patient's Compensation Fund,* 661 N.E.2d at 909. The legislative intent as ascertained from the whole prevails over the strict, literal meaning of any word or term used in the statute. *Id.* When a statute is susceptible

to more than one reasonable interpretation, we endeavor to determine and give effect to the intent of the legislature. *Indiana University Foundation,* 647 N.E.2d at 348. While striving to determine and give effect to the legislative intent, we must construe the statute in such a way as to prevent absurdity and hardship and to favor public convenience. *In re E.I.,* 653 N.E.2d at 507 (citing *Superior Const. Co. v. Carr,* 564 N.E.2d 281 (Ind. 1990)).

■ Keeping the aforementioned principles in mind, we believe that the construction of Ind.Code 11–11–5–5(a)(10) urged by Blackmon is not only reasonable, but also gives effect to the intent of the legislature in enacting the statute. According to the plain and ordinary meaning of the language of the statute, an inmate who is found not guilty of a charge is entitled "to have *his* record expunged of *any reference to the charge.*" (Emphasis provided). In construing a statute, it is just as important to recognize what the statute does not say as it is to recognize what it does say. *City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 654 (Ind.Ct.App. 1996), *trans. denied.* Ind.Code 11–11–5–5(a)(10) does not say that only certain types of references must be expunged. Nor does it say that only certain portions of the inmate's record must be expunged. Rather, the language of the statute is broad and all inclusive and unambiguously mandates that the inmate's prison record be expunged of any reference to the charge. We may not read into the statute that which is not the expressed intent of the legislature. *Peele v. Gillespie,* 658 N.E.2d 954, 958 (Ind.Ct.App. 1995), *reh'g denied, trans. denied.*

■ The intent of the legislature in enacting Ind.Code 11–11–5–5 was presumably to afford inmates certain due process rights during disciplinary actions within the institution. More specifically, the intent of subsection (a)(10) was presumably to protect inmates who have been the subject of disciplinary action from erroneous allegations or allegations for which they are later found not guilty. With this in mind, we cannot entertain the possibility that the legislature intended the construction urged by Duckworth: that only the conduct section of the inmate's record must be expunged of reference to the specific charge, and that the

incident giving rise to the charge may remain in the inmate's file. This construction would render the provision useless and its mandates easily avoidable. We cannot presume that the legislature intended to enact such a useless and easily circumvented provision. *Indiana State Bd. of Health v. Journal–Gazette Co.,* 608 N.E.2d 989, 992 (Ind.Ct.App.1993), *opinion adopted by* 619 N.E.2d 273 (Ind.1993).

■ We are constrained as a judicial body from interfering with the internal procedures and policies of the State Reformatory. *See e.g. Hasty v. Broglin,* 531 N.E.2d 200 (Ind.1988). We are further limited in that the record has not provided us with a comprehensive understanding of the DOC's record keeping system. However, it is exclusively within our judicial authority to construe the statute at issue, and we hereby hold that the statute unambiguously requires the DOC to expunge any reference of the charge from Blackmon's record. Whether the State Reformatory maintains separate confidential files is another issue with which we will not interfere. However, to the extent that these separate confidential files contain reference to the charge or the incident leading to the charge, and negatively impact Blackmon's rights, these files are in contravention of the purpose of Ind.Code 11–11–5–5(a)(10) and in contravention of the legislature's intent in enacting that piece of legislation. *See Mance v. Board of Directors of Public Employees' Retirement Fund,* 652 N.E.2d 532, 536 (Ind.Ct.App.1995) (when a statute is subject to more than one interpretation, courts may consider the consequences of a particular construction).

## CONCLUSION

The information contained in an inmate's institutional packet follows an inmate around from the moment he or she enters the prison gates, and hence impacts the inmate's treatment for the entire term of incarceration. For this reason, coupled with legislative intent and the plain meaning of Ind.Code 11–11–5–5(a)(10), we reverse and remand to the trial court for further proceedings consistent with this opinion.

We reverse and remand.

STATON, J., concurs.

CHEZEM, J., concurs in result with opinion.

CHEZEM, Judge, concurring in result.

I respectfully concur in result. I agree with the majority that the statute requires the DOC to expunge any reference to the charge from Blackmon's record. However, the statute does not require the DOC to expunge from its own separate records (as well as from the records of other inmates) all references to the charge itself or to the incident leading to the charge. This type of information is vital for security and placement purposes, such as cell and job assignments. For instance, in this case, this information was legitimately used to maintain institutional security; it was employed to keep Blackmon separated from the other inmate who was also involved in the incident. Forcing the DOC to delete all references to such activity from its own records would make institutional administration nearly impossible.

## ON PETITION FOR REHEARING

### (April 2, 1997)

CHEZEM, Judge.

On December 18, 1996, this court published *Blackmon v. Duckworth,* 675 N.E.2d 349 (Ind.Ct.App.1996). In that decision, the majority stated:

> Whether the State Reformatory maintains separate confidential files is another issue with which we will not interfere. However, to the extent that these separate confidential files contain reference to the charge or the incident leading to the charge, and negatively impact Blackmon's rights, these files are in contravention of the purpose of Ind.Code 11–11–5–5(a)(10) and in contravention of the legislature's intent in enacting that piece of legislation.

*Id.* at 352–53. In an opinion concurring in the result, this judge wrote that the DOC's own separate records are not covered under the relevant statute. *Id.* at 353. Thereafter, Duckworth filed a timely petition for rehearing.

Today, we grant Duckworth's petition for rehearing to clarify: (1) that Ind.Code § 11–11–5–5(a)(10) requires the DOC to expunge any reference to the charge from *Blackmon's* record; and (2) that the statute does not require the DOC to expunge from its own separate records (as well as from the records of other inmates) all references to the charge itself or to the incident leading to the charge.

We recognize that this type of information is vital for security and placement purposes. Forcing the DOC to delete all references to such activity from its own records would make institutional administration nearly impossible. Our opinion on rehearing specifically acknowledges the discretion afforded to correctional officials in dealing with issues of prison administration.

STATON, J., would grant petition for rehearing.

RILEY, J., would deny petition for rehearing.