**David PANNELL, Appellant–Plaintiff,**

v.

**Charles A. PENFOLD, Appellee– Defendant.**

**No. 49A04–0502–CV–62.**

Court of Appeals of Indiana.

June 14, 2006.

Rehearing Denied Sept. 12, 2006.

See also, 306 F.3d 499.

David Pannell, Michigan City, IN, Appellant, Pro Se.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

*STATEMENT OF THE CASE*

David Pannell, pro se, appeals the trial court's denial of his motion for summary judgment and entry of summary judgment in favor of Charles A. Penfold.

We affirm.

*ISSUE*

Whether the trial court erred in determining that Indiana Code section 11–11–

5–5 does not require Pannell's record to be expunged.

## FACTS

On October 14, 1999, during a search of Pannell's cell at the Wabash Valley Correctional Facility (the "Facility"), a correctional officer discovered contraband inside a television belonging to Pannell. The Department of Correction ("DOC") filed three disciplinary charges against Pannell: 1) case number 99–10–0111[1] ("Case No. 111")—possession, introduction or use of any unauthorized controlled substance; 2) case number 99–10–0112 ("Case No. 112")—possession of tobacco products/tobacco related paraphernalia; and 3) case number 99–10–0113 ("Case No. 113")—possession, introduction, or use of a dangerous or deadly weapon. Pannell pleaded not guilty, claiming he received the television from another inmate and was unaware of its contents.

The DOC's Conduct Adjustment Board held hearings on all charges on October 26, 1999, after which it found Pannell guilty of all three charges. Pannell appealed the findings to the head of the Facility, who denied his appeal. Thereafter, Pannell appealed to Penfold, the final reviewing authority for the DOC. Penfold denied Pannell's appeal.

In February of 2001, Pannell sought federal habeas corpus relief from the determination that he was guilty of possessing a weapon. Pannell asserted his due process rights were violated when the DOC refused his request for certain documents and his request to call witnesses at the hearing. The United States District Court for the Northern District of Indiana denied Pannell's petition. Pannell appealed.

In *Pannell v. McBride*, 306 F.3d 499 (7th Cir.2002), the United States Court of Appeals for the Seventh Circuit found that there was evidence that Pannell requested witnesses to appear and testify, and therefore, reversed the district court's judgment and remanded for further proceedings.[2] Penfold dismissed the case "due to it being over three (3) years old and staff do not have specific recollections to rehear it." (App.231). Accordingly, Penfold had "all reference to [Case No. 113] ... expunged ..." from Pannell's institutional packet. (App.231).

Thereafter, Pannell requested that all references to Case No. 111 and Case No. 112 also be expunged as they arose from the same search as Case No. 113. On April 2, 2004, Penfold responded that unless Pannell presented directions from "the Court or the Attorney General's Office" to expunge those cases, he would not as he did not have an order dismissing them. (App.234).

On May 5, 2004, Pannell filed an action in the Marion County Circuit Court, seeking injunctive and declaratory relief. Pannell filed a motion for summary judgment on July 23, 2004, arguing Penfold "owed [him] a duty under Ind.Code 11–11–5–5(a)(10) to expunge [Case No. 111] and [Case No. 112] from his prison record." (App.68). On October 20, 2004, Penfold filed an untimely response to Pannell's motion for summary judgment and cross-motion for summary judgment. On November 18, 2004, the trial court denied Pannell's motion and granted summary

---

**1.** The Report of Conduct lists this as case number 99–10–0110. Subsequent filings, however, refer to it as case number 99–10–0111.

**2.** Contrary to Pannell's assertion, the *Pannell* Court did not come to any conclusion regarding his guilt. Rather, it found that "the district court's conclusion that Pannell did not make a timely request for witnesses was premature and not supported by the record." 306 F.3d at 503.

judgment in favor of Penfold. Specifically, the trial court found as follows:

5. [T]he defendant relies upon [*Blackmon v. Duckworth*] 675 N.E.2d 349 [ (Ind.Ct.App.1996) ] which addressed a single charge of battery arising out of an incident where an inmate allegedly threw hot water on a fellow inmate. After a finding of not guilty on the battery charge the D.O.C. expunged the battery charge but failed to expunge the incident report concerning the hot water. The Court found that the clear and unambiguous intent of the legislature in its enactment of I.C. 11–11–5–5(a)(10) was that any reference to the incident should be expunged from the inmates [sic] record.

6. The plaintiff argues that this decision should reasonably lead to dismissal of the remaining two charges arising out of the same incident on October 14, 1999.

7. This Court cannot reach that same conclusion unless the record shows that there has been a judicial determination that the underlying search was found to be improper.

8. A reading of the designations before the Court indicates that the weapons charge was dismissed upon remand from the Seventh Circuit Court of Appeals for further proceedings, and that there has been no timely judicial determination concerning the search leading to the three charges addressed by this lawsuit.

\* \* \* \* \*

10. The Court finds that there are no issues of material fact. Plaintiff's Motion for Summary Judgment is denied and pursuant to T.R. 56(B) the Court now grants summary judgment to the defendant, Charles A. Penfold, as a matter of law.

(App.3).

## DECISION

Pannell contends the trial court misinterpreted Indiana Code section 11–11–5–5(a)(10). Specifically, Pannell argues that he is entitled to have Case Nos. 111 and 112 expunged from his record as they "derived from the same incident involving the October 14 search[.]" Pannell's Reply Br. 11.

Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Hopper v. Carey*, 810 N.E.2d 761, 764 (Ind.Ct.App.2004), trans. *denied.* "We must reverse the grant of a summary judgment motion if the record discloses an incorrect application of the law to those facts." *Lake States Ins. Co. v. Tech Tools, Inc.*, 743 N.E.2d 314, 317 (Ind.Ct.App.2001). Here, "the meaning of a statute is at issue, and because the parties agree that the relevant facts are not in dispute, the construction of the statute is a pure question of law for which disposition by summary judgment is appropriate." *Blackmon v. Duckworth*, 675 N.E.2d 349, 351 (Ind.Ct.App.1996), *clarified* on *reh'g.*

Regarding disciplinary actions, Indiana Code section 11–11–5–5(a)(10) provides that the charged person may "have his record expunged of any reference to the charge if he is found not guilty or if a finding of guilt is later overturned[.]" In *Blackmon*, we held that "the language of the statute is broad and all inclusive and unambiguously mandates that the inmate's prison record be expunged of any refer-

ence to the charge." *Id.* at 352. This includes any reference to the incident from which the charge arose. *Id.*.

The intent of Indiana Code section 11–11–5–5(a)(10) was to "protect inmates who have been the subject of disciplinary action from erroneous allegations or allegations for which they are later found not guilty." *Id.* In this case, three separate charges arose from a single search. Only one of those charges was dismissed. Although we agree that any reference to the weapons charge, including any reference to a weapon being found in Pannell's possession, should be expunged from Pannell's case, we do not agree that references to the other remaining charges should be expunged as well; there was no finding that the allegations against Pannell were erroneous, and more importantly, findings of his guilt as to the drug and tobacco charges still stand.

Furthermore, we cannot say that all three charges arose from the same incident. In *Blackmon,* the incident at issue, throwing hot water at another inmate, gave rise to the charge of battery. In this case, the incident to which Pannell refers is the search of the television. The search, however, did not give rise to the charges against Pannell. Rather, it was the possession of contraband. Accordingly, we find the trial court did not err in granting summary judgment to Penfold.

Affirmed.

RILEY, J., and VAIDIK, J., concur.