**FILED**
Aug 25 2015, 8:56 am
*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court



ATTORNEYS FOR APPELLANT

Steven J. Sersic
Kevin C. Smith
Smith Sersic
Munster, Indiana

ATTORNEYS FOR APPELLEE

Michael G. Getty
Brad R. Pero
Hunt Suedhoff Kalamaros, LLP
St. Joseph, Michigan

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John B. Davis, Sr., as Administrator of the Estate of John B. Davis, Jr., Deceased, <br><br> *Appellant-Petitioner,* <br><br> v. <br><br> Edgewater Systems For Balanced Living, Inc., <br><br> *Appellee-Respondent.* | August 25, 2015 <br><br> Court of Appeals Case No. 45A05-1412-CT-588 <br><br> Appeal from the Lake Superior Court. <br><br> The Honorable Elizabeth M. Bezak, Judge Pro Tempore. <br><br> Trial Court Cause No. 45D11-1405-CT-81 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, John B. Davis, Sr., as Administrator of the Estate of John B. Davis, Jr., Deceased (Davis), appeals the trial court's grant of Appellee-Respondent's, Edgewater Systems for Balanced Living, Inc. (Edgewater), motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C).

We affirm.

## ISSUES

Davis raises three issues on appeal, of which we find two issues dispositive and which we restate as:

(1)    Whether the trial court abused its discretion when it granted Edgewater's motion on the pleadings pursuant to Ind. Trial Rule 12(C); and

(2)    Whether Davis should have been granted an opportunity to amend his Complaint.

## FACTS AND PROCEDURAL HISTORY

Edgewater is a community mental health center, specialized in dealing with psychiatric crises, including those involving patients with homicidal tendencies, acute psychotic symptoms, sudden changes in mental status, or other types of mental health issues. At all relevant times, Jamal Gore (Gore) was a patient at Edgewater, receiving medical health care. On May 17, 2010, Edgewater requested an emergency detention of Gore pursuant to I.C Art. 12-26, which

was supported by a licensed physician. The emergency request averred that Gore was non-compliant with his medication, confrontational, aggressive, paranoid, "irritable and getting into fights with people." (Appellant's App. p. 22). On May 17, 2010, at approximately 12:45 p.m., the emergency detention request was granted by the Gary City; Court. Edgewater sent the order to the Gary police department by facsimile, which was received by the department that same day at about 2:28 p.m. There is no evidence the detention order was executed. On May 24, 2010, Gore killed John Davis, Jr. Gore was prosecuted for murder and found guilty but mentally ill. On October 31, 2012, during the murder proceedings against Gore, Davis learned of the alleged negligence of Edgewater through the testimony of an Edgewater employee.

[5] On May 1, 2014, Davis filed his Complaint against Edgewater, alleging Edgewater "failed to exercise ordinary due diligence or care to follow up on the [emergency detention] order or secure or ensure its enforcements from the time the order was obtained up to and including the time, seven days later, on May 24, 2010, when Gore killed John B. Davis, Jr." (Appellant's App. p. 8). On July 14, 2014, Edgewater filed its Answer, as well as a motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C). On September 12, 2014, Davis filed a response to Edgewater's motion and requested, in the alternative, to convert Edgewater's motion to a T.R. 12(B)(6) motion. On September 24, 2014, Edgewater responded to Davis' alternate request. On November 20, 2014, the trial court conducted a hearing on Edgewater's motion for judgment

on the pleadings. The following day, the trial court entered an order, granting Edgewater's motion.

Davis now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Indiana Trial Rule 12(C)*

Davis contends that the trial court abused its discretion in granting Edgewater's motion for judgment on the pleadings pursuant to T.R. 12(C). Specifically, he claims that Edgewater is not civilly immune from the lawsuit.

We review *de novo* a trial court's ruling on a T.R. 12(C) motion for judgment on the pleadings. *Bell v. Bryant*, 2 N.E.3d 716, 719 (Ind. Ct. App. 2013). When reviewing a T.R. 12(C) motion, we consider any facts of which we may take judicial notice. *Id*. Also, we accept as true the well-pleaded material facts alleged in the complaint, and base our ruling solely on the pleadings. *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010). "The 'pleadings' consist of a complaint and an answer, a reply to any counterclaim, an answer to a cross-claim, a third-party complaint, and an answer to a third-party complaint." *Consol. Ins. Co. v. Nat'l Water Servs. LLC*, 994 N.E.2d 1192, 1196 (Ind. Ct. App. 2013) (quoting *Waldrip v. Waldrip*, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012)). "Pleadings" also consist of any written instruments attached to a pleading. *See* T.R. 10(C) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). A motion for judgment on the pleadings under T.R. 12(C) should be granted "only where it is clear from the face of the

complaint that under no circumstances could relief be granted." *Murray*, 925 N.E.2d at 731.

[9] In its motion, Edgewater advanced that it was entitled to civil immunity for the claims asserted against it based upon two sub-sections of the mental health care provider immunity statute, included at I.C. §§ 34-30-16-1 & -2. As originally enacted in 1987, I.C. § 34-4-12.4-3 recognized the common law duty of a mental health service provider to warn potential victims of patient-inflicted violence. The statute also clarified the conditions a mental health service provider must satisfy to qualify for immunity from civil liability. In 1998, the statute was amended and recodified as Indiana Code section 34-30-16-1. The current version of the statute provides, in pertinent part, that:

> Sec. 1. A mental health service provider is immune from civil liability to persons other than the patient for failing to:
>
> (1) Predict; or
>
> (2) Warn or take precautions to protect from;
>
> a patient's violent behavior unless the patient has communicated to the provider of mental health services an actual threat of physical violence or other means of harm against a reasonably identifiable victim or victims, or evidences conduct or makes statements indicating an imminent danger that the patient will use physical violence or use other means to cause serious personal injury or death to others.

[10]     Once a mental health service provider's duty is triggered, the provider may discharge this duty in one of five ways. Specifically:

> Sec. 2. The duty to warn of or to take reasonable precautions to provide protection from violent behavior or other serious harm arises only under the limited circumstances specified in section 1 of this chapter. The duty is discharged by a mental health service provider who takes one (1) or more of the following actions:
>
> (1) Makes reasonable attempts to communicate the threat to the victim or victims.
>
> (2) Makes reasonable efforts to notify a police department or other law enforcement agency having jurisdiction in the patient's or victim's place of residence.
>
> (3) Seeks civil commitment of the patient under [I.C. Art.] 12-26.
>
> (4) Takes steps reasonably available to the provider to prevent the patient from using physical violence or other means of harm to others until the appropriate law enforcement agency can be summoned and takes custody of the patient.
>
> (5) Reports the threat of physical violence or other means of harm, within a reasonable period of time after receiving knowledge of the threat, to a physician or psychologist who is designated by the employer of a mental health service provider as an individual who has the responsibility to warn under this chapter.

I.C. § 34-30-16-2.

[11]     Without having to decide whether the span of seven days between the trial court's emergency detention order and the murder qualifies as an "imminent danger" under I.C. § 34-30-16-1, we conclude that Edgewater was discharged from its duty—assuming a duty arose under I.C. §34-30-16-1—to warn or to take reasonable precautions pursuant to I.C. § 34-30-16-2(2) & (3).

[12]     First, under section 2 of the statute, the duty to warn or to take reasonable precautions created by section 1 is properly discharged by a mental health service provider if "reasonable efforts" were undertaken "to notify a police department or other law enforcement agency[.]" *See* I.C. § 34-30-16-2(2).  Here, the trial court decided that "Edgewater's conduct in faxing the Emergency Order constituted 'reasonable effort.'"  We agree, to a certain extent.  By faxing the emergency order to the Gary police department and noting the Department's receipt of the order, Edgewater's actions went beyond a "reasonable effort" and rather constitute an actual and successful notification of the Gary police department.

[13]     However, Davis now attempts to broaden the "reasonable effort" language of the statute by imposing a duty on Edgewater to follow up on the notification and to ensure that the police department took action.  In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does say. *United Farm Bureau Mut. Ins. Co. v. Steele*, 622 N.E.2d 557, 561 (Ind. Ct. App. 1993), *reh'g denied*.  As such, "[w]e may not read into the statute that which is not the expressed intent of the legislature." *Id*.  Because the statute only directs a mental health provider to undertake "reasonable efforts"

without more in order to be discharged of its duty and to be entitled to civil immunity, and is silent as to any further action on the part of the mental health provider, we decline to enlarge the statutory language to incorporate a duty as suggested by Davis.

[14] Furthermore, Edgewater sought and obtained an emergency detention order for Gore. Pursuant to I.C. § 34-30-16-2(3), a mental health provider's duty to warn is discharged if a "civil commitment of the patient under [I.C. Art.] 12-26" is sought. In Indiana, an adult person may be civilly committed either voluntarily or involuntarily under carefully delineated statutory provisions. Indiana Article 12-26 provides that involuntary commitment may occur under four circumstances: (1) Immediate Detention by law enforcement up to 24 hours, *see* I.C. Ch. 12-26-4 *et seq.*; (2) Emergency Detention for up to 72 hours, *see* I.C. Ch. 12-26-5 *et seq.*; (3) Temporary Commitment for up to 90 days, *see* I.C. Ch. 12-26-6 *et seq.*; and (4) Regular Commitment for an indefinite period of time that may exceed 90 days, *see* I.C. Ch. 12-26-7 *et seq.* Thus, as Edgewater obtained an emergency detention order, it prevailed in seeking an involuntary civil commitment "under [I.C. Art.] 12-26" and properly discharged its duty to warn. *See* I.C. § 34-30-16-2(3). Assuming that Edgewater's duty to warn had been triggered, Edgewater properly regained its immunity from civil liability by fulfilling its obligations of I.C. §§ 34-30-16-2(2); and -2(3). Concluding that no circumstances exist under which relief could be granted, we affirm the trial court's grant of Edgewater's motion for judgment on the pleadings.

## II. *Amendment of Complaint*

[15] Davis contends that even if Edgewater's motion for judgment on the pleadings is granted, he should be allowed ten days to amend his Complaint. In other words, Davis asserts that Edgewater's motion pursuant to T.R. 12(C) is more properly characterized as a motion pursuant to T.R. 12(B) as the "real gravamen of the Order [] is whether the Complaint fails to state a claim." (Appellant's Br. p. 10).

[16] Even if we were to characterize Edgewater's motion as a motion pursuant to T.R. 12(B), we note that "[a] [T.R.] 12(B)(6) motion filed after an answer will be treated as a motion for judgment on the pleadings under [T.R.] 12(C)." *Bell*, 2N.E.3d at 719 (quoting *DeHart v. Anderson*, 383 N.E.2d 431, 436 (Ind. Ct. App. 1978)). Edgewater filed its motion after it filed its answer to Davis' Complaint. As the requirements of T.R. 12(C) do not include an opportunity to amend the Complaint, we affirm the trial court.

[17] Moreover, as pointed out by Edgewater, "an attempted amendment of the Complaint would be waste of the parties' time and judicial resources because [Davis] cannot change the facts that underlie his action—he cannot plead around Edgewater's civil immunity defenses[.]" (Appellee's Br. p. 12). Our supreme court has stated:

> The granting of a Rule 12(b) motion merely means that the plaintiff has failed to satisfy one of the procedural prerequisites for asserting his claim for relief. A motion for judgment on the pleadings, however, theoretically is directed towards a determination of the substantive merits of the controversy.

> The mere fact that these procedural defects are raised in the guise of a Rule 12(c) motion should not affect the manner by which the court determines what essentially are Rule 12(b) matters. In this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of the pleadings.

*Davis ex rel. Davis v. Ford Motor Co.,* 747 N. E.2d 1146, 1150 (Ind. 2001) (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE §§ 1369, 1368). Thus, a T.R. 12(B) motion is essentially procedural, while a T.R. 12(C) motion is substantive unless it is brought on T.R. 12(B) grounds.

[18] Here, Edgewater asserted a civil immunity defense in its motion for judgment on the pleadings. By claiming immunity, Edgewater is not relying on a procedural defect in Davis' Complaint, rather Edgewater is advancing a "determination of the substantive merits of the controversy." *See id*. Accordingly, any amendment of the Complaint will not alter the existence of Edgewater's civil immunity defense.

## CONCLUSION

[19] Based on the foregoing, we affirm the trial court's Order granting Edgewater's motion for judgment on the pleadings, and we deny Davis' request for an opportunity to amend his Complaint.

[20] Affirmed.

[21] Friedlander, J. and Brown, J. concur