### INDIANA STATE BOARD OF HEALTH, Appellant,

v.

### STATE JOURNAL–GAZETTE COMPANY, and State of Indiana, ex rel. the Journal–Gazette Company, Appellee.

No. 02S04–9308–CV–923.

Supreme Court of Indiana.

Aug. 24, 1993.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., for appellant.

John D. Walda, David R. Steiner, Kathleen M. Anderson, Barrett & McNagny, Fort Wayne, for appellee.

GIVAN, Justice.

In an opinion reported at 608 N.E.2d 989, the Court of Appeals reversed the trial court's grant of summary judgment for the Journal–Gazette Company and remanded to the trial court for entry of summary judgment in favor of the Indiana State Board of Health. We agree with and therefore adopt the opinion of the Court of Appeals. However, we grant transfer and write on this issue because of the confusion that has been generated over enforcement of the Open Door Law.

Citing the same sections of the statute as cited by the majority, Judge Chezem, in a dissenting opinion, observed that the two individuals, Reynolds and Pierce, involved in the questioned hearing, were members of a public agency that is an authority under the statutes. She·would hold that they took official action on public business; therefore, the meeting should have been open to the public.

However, the majority held that neither Reynolds nor Pierce "were members of the 11 member Indiana State Board of Health, the governing body of the Indiana Department of Health, nor members of any advisory committee directly appointed by that board." The majority held that both Reynolds and Pierce were employees of the Indiana Department of Health and were engaged with others present in taking action upon public business. However, since they were not members of the board, the informal reconsideration meeting was not one conducted by a governing body of the Indiana State Board of Health; thus, it was not subject to the Indiana Open Door Law.

As observed by the majority, the statute had been amended following the Court of Appeals decision in *Riggin v. Board of Trustees of Ball State University* (1986), Ind.App., 489 N.E.2d 616 and Chief Justice Shepard's dissent to this Court's denial of transfer in that case. However, as noted by Judge Conover, the statute in order to be workable needed some judicial interpretation. We hold that Judge Conover correctly interpreted and applied the statute in holding that the meeting held in the case at bar did not come under the statute. Thus, summary judgment should be granted for the Indiana State Board of Health.

As in the majority opinion of the Court of Appeals, we reverse with instructions to vacate summary judgment for the Journal–Gazette Company and to enter summary judgment in favor of the Indiana State Board of Health.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

DICKSON, J., dissents.