**INDIANA PATIENT'S COMPENSATION FUND, Appellant–Respondent,**

v.

**Joni Gail ANDERSON and Matthew Stephen Anderson, Individually and as Parents and Guardians of Kyle Matthew Anderson, Deceased Minor, Appellees–Petitioners.**

No. 49A04–9507–CV–263.

Court of Appeals of Indiana.

Feb. 29, 1996.

Transfer Denied July 18, 1996.

Matthew W. Conner, Indiana Dept. of Insurance, Indianapolis, for appellant.

Barbara J. Germano and Deborah K. Pennington, Price & Barker, Indianapolis, for appellees.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Respondent–Appellant, Indiana Patient's Compensation Fund (the "Fund"), appeals the summary judgment granted in favor of Petitioners–Appellees, Joni Gail Anderson and Matthew Stephen Anderson, individually and as parents and guardians of Kyle Matthew Anderson, (collectively, the Andersons).

We affirm.

### ISSUE

The sole issue before us today is whether the trial court erred in interpreting IND. CODE 34–1–1–8 (1987).

### FACTS AND PROCEDURAL HISTORY

The Andersons' cause of action for wrongful death accrued on October 11 and 12, 1989. Their son died on February 11, 1990.

The Andersons initiated this action on May 10, 1991. On May 30, 1995, they filed a motion for summary judgment asking the trial court to hold as a matter of law that I.C. 34–1–1–8 (1987) does not limit the amount of damages recoverable for the loss of their child's love and companionship. After a hearing, the trial court granted the Andersons' motion.

The Fund appeals.

### DISCUSSION AND DECISION

In reviewing a ruling on a motion for summary judgment, we apply the same standard as the trial court. *Walling v. Appel Serv. Co.* (1994), Ind.App., 641 N.E.2d 647, 648–49. Summary judgment is appropriate only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). All facts and inferences from the designated evidentiary matter must be liberally construed in favor of the non-moving party. *Walling,* 641 N.E.2d at 649. In the present case, the meaning of a statute is at issue, and because the relevant facts are not in dispute, the construction of the statute presents a pure question of law for which disposition by summary judgment is appropriate. *State Bd. of Accounts v. Indiana Univ. Found.* (1995), Ind.App., 647 N.E.2d 342, 347, *trans. denied; see Robinson v. Zeedyk* (1993), Ind.App., 625 N.E.2d 1249, 1251, *reh'g denied, trans. denied.*

In 1987, the General Assembly amended I.C. 34–1–1–8 in Public Law 306–1987, creating a substantive right which allowed parents and guardians to recover damages for the loss of their child's love and companionship in an action under the statute. *See* I.C. 34–1–1–8(e)(2) (1987). The parties to the present

case dispute the meaning of the expiration provisions contained in Public Law 306–1987, Sections 2(c) and 3(c).[1] The Andersons contend that the damage limitation expired on November 1, 1992, as to all cases, and thus, no longer applies to their pending case, notwithstanding the fact that their cause accrued before October 31, 1990. The Fund contends that the damage limitation applies to causes of action that accrued on or before October 31, 1990, and that the expiration provision does not change the substantive law of a pending case.

The common law did not recognize an action for damages for wrongful death, thus, I.C. 34–1–1–8, being in derogation of common law, must be strictly construed. *Thomas v. Eads,* 400 N.E.2d 778, 780 (Ind. Ct.App.1980). In reviewing a statute, we endeavor to determine the effect the intent of the legislature. *Spaulding v. International Bakers Serv.,* 550 N.E.2d 307, 309 (Ind.1990). We examine and interpret a statute as a whole, giving words their common and ordinary meaning and not overemphasize strict, literal or selective readings of individual words. *Id.* The legislative intent as ascertained from the whole prevails over the strict, literal meaning of any word or term used therein. *Park 100 Dev. v. Indiana Dept. of State Revenue,* 429 N.E.2d 220, 222 (Ind.1981). Where possible, every word in a statute must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. *Willis v. State,* 492 N.E.2d 45, 47 (Ind.Ct. App.1986).

According to the plain and simple meaning of the language in Sections 2(c) and 3(c), each section in its entirety expired on November 1, 1992. The trial court came to similar conclusion:

> When it says "This section expires" it could only mean the section that deals with these accrual dates expires. What else can you say it means? ... If it had stopped, if there had been no (c) in here, I grant you then the section would go on and anything that had accrual during those time periods, whatever else, you're right, they would be struck, it would still be good law, the section would still be good law, if you fell between those accrual dates you would be in for $100,000 and no more.

> But since this is the only thing that this section deals with, the only thing that it talks about the only thing that could have expired is the section, and that's the section with respect to the accrual dates.

(R. at 143).

Although the Fund insists that the word "expire" is ambiguous in the manner in which it is used, we cannot agree. It is the trial court's duty to give the plain and ordinary meaning of the language used in the statute. *Holland v. King,* 500 N.E.2d 1229, 1233 (Ct.App.1986), *reh'g denied.* When the language of a statute is clear and unambiguous, it is not the subject of judicial construction. *Community Hos. of Anderson & Madison County v. McKnight,* 493 N.E.2d 775, 777 (Ind.1986), *reh'g denied.* This well settled maxim is true even for the purpose of correcting a statute's supposed defects or omissions. *Taelman v. Board of Fin. of School City of South Bend,* 6 N.E.2d 557, 560, 212 Ind. 26, 33 (1937).

---

1. The relevant text of P.L. 306–1987, Sections 2 and 3, is I.C. 34–1–1–8 as follows:

   Section 2. (a) This section applies to causes of action brought under I.C. 34–1–1–8 that accrue after May 7, 1987, and before November 1, 1990.
   (b) In an action brought under I.C. 34–1–1–8, as amended by this act, the trier of fact shall make a separate finding with respect to damages under I.C. 34–1–1–8(e)(2).
   (c) This section expires November 1, 1992.
   Section 3. (a) The limitation on damages described in this subsection does not apply to causes of action brought under 34–1–1–8, as amended by this act, that accrue after October

   31, 1990. Damages recoverable under I.C. 34–1–1–8(e)(2) may not exceed one hundred thousand dollars ($100,000.00).
   (b) In an action brought under I.C. 34–1–1–8, as amended by this act, the jury may not be advised of the monetary limits placed on damages under subsection (a). If the jury awards the plaintiff damages under I.C. 34–1–1–8(e)(2) in an amount that exceeds one hundred thousand dollars, the court shall reduce that part of the award to one hundred thousand dollars ($100,000.00).
   (c) This section expires November 1, 1992.
   Section 4. This act does not apply to causes of action that accrue before May 8, 1987.

Further, not only does the trial court's interpretation give plain and ordinary meaning to the language of the statute, giving this meaning to the expiration provisions is the only interpretation that avoids reducing the expiration provisions of the statute to mere surplusage. All statutory language is deemed to have been used intentionally, and words or clauses are to be treated as surplusage only in the absence of other possible course. *Brook v. State* (1983), Ind.App., 448 N.E.2d 1249, 1251. Thus, we affirm the judgment of the trial court.

Judgment affirmed.

BARTEAU and STATON, JJ., concur.