Kyle W. CAMPBELL, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–9806–CR–310.

Court of Appeals of Indiana.

Sept. 24, 1999.

**578**

John T. Wilson, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

BROOK, Judge

Appellee-plaintiff, the State of Indiana ("State"), has filed a petition for rehearing asserting that our decision herein permits undue intrusion by the Indiana Department of Correction ("DOC") into local community corrections programs, thus undermining the disciplinary authority of public officials charged with administering discipline in those programs. Specifically, the State asks that we grant rehearing and rule that community corrections programs should deprive earned credit time under the procedures set forth in IND.CODE § 35-50-6, not under rules promulgated by the DOC. We have considered the petition for rehearing and deny the same with opinion solely for the purpose of addressing the State's concerns.

A detailed recitation of the facts may be found in our decision, *Campbell v. State,* 714 N.E.2d 678 (Ind.Ct.App.1999). Appellant-defendant, Kyle W. Campbell ("Campbell"), plead guilty to three counts of forgery as Class C felonies and one count of theft as a Class D felony, and was ordered to serve two years in the Madison County Work Release Center. Because Campbell violated the terms of his work release, the trial court terminated his placement in the community corrections program, ordered him to serve the balance of his sentence in the DOC, and denied his request for credit time earned during his participation in the program before his violation. Campbell appealed the trial court's deprivation of earned credit time. In reversing the trial court's actions on this issue, we held:

> Although Campbell is entitled to credit time, he "may be deprived of earned credit time as provided under *rules adopted by the department of correction* under Ind.Code § 4-22-2." Ind.Code § 35-38-2.6-6(b) (emphasis added). We interpret this to mean that credit time should be initially determined by the DOC, not the trial court.

714 N.E.2d at 682. Thus, we concluded that the legislature, in this instance, did not intend to invest trial courts with the responsibility of denying or restoring earned credit time, and that the trial court exceeded its statutory authority when it denied Campbell's request for credit time. *Id.,* at 683-684. It is with regard to this holding that the State claims error.

As set out in our original opinion, Ind.Code § 35-38-2.6-6(b) provides that a person who is placed in a community corrections program *"may be deprived of earned credit time as provided under rules adopted by the department of correction."* (Emphasis added). We cannot characterize this language as being susceptible to any "competing interpretations." See *Miller v. Bryant,* 644 N.E.2d 188, 191 (Ind.Ct.App.1994), *trans. denied.* Accordingly, we are limited in the manner in which we construe Ind.Code § 35-38-2.6-6(b).

While we certainly appreciate the State's position and recognize the difficulties our decision may place on trial judges and local correctional authorities, we also note that when a statute is clear and unambiguous on its face, this court need not, and indeed must not interpret that statute. *Indiana Dep't of Natural Resources v. Peabody Coal Co.,* 654 N.E.2d

289, 295 (Ind.Ct.App.1995). A clear and unambiguous statute is not the subject of judicial construction, *Indiana Patient's Compensation Fund v. Anderson,* 661 N.E.2d 907, 909 (Ind.Ct.App.1996), *trans. denied,* and must be held to mean what it plainly expresses. *Indiana State Bd. of Health v. Journal–Gazette Co.,* 608 N.E.2d 989, 992 (Ind.Ct.App.1993), *trans. granted, opinion adopted,* 619 N.E.2d 273 (Ind. 1993). Such a statute must be given its apparent or obvious meaning. *Id.*

■ In enacting Ind.Code § 35–38–2.6–6(b), the legislature clearly and unambiguously imposed the requirement that persons in community corrections facilities be deprived of credit time only as provided under rules created by the DOC. This is distinct from Ind.Code § 35–38–2.6–6(a), which specifically states that a community corrections inmate "is entitled to earn credit time under Ind.Code § 35–50–6." Although the legislature could have easily mirrored the language used in subsection (a) in drafting subsection (b), it did not do so. Instead of simply referring to the procedures outlined in Ind.Code § 35–50–6, the legislature explicitly chose to make the deprivation of credit time subject to "rules adopted by the department of correction." Ind.Code § 35–38–2.6–6(b). It is well settled that when certain items or words are specified or enumerated in a statute, then by implication, other items or words not so specified or enumerated are excluded. *Dvorak v. City of Bloomington,* 702 N.E.2d 1121, 1123 (Ind.Ct.App.1998).

■ Where the language of a statute is clear and plain, there is no room for construction, and this court has no power to limit or extend the operation of the statute by reading into it language which will, in our opinion, correct any supposed defects or omissions therein. *Grody v. State,* 257 Ind. 651, 659–60, 278 N.E.2d 280, 285 (1972). Likewise, we are unable to interpret and thereby extend IND.CODE § 35–38–2.6–6(b) to mean, as the State suggests, that persons committed to community corrections programs should be deprived of earned credit time in accordance with IND. CODE § 35–50–6 rather than rules adopted by the DOC. To do so would be to operate outside the scope of our judicial authority and infringe on that which has been left solely to the prerogative of our legislature. *See* IND. CONST. art. 3, § 1 (state government divided into three separate departments).

For the foregoing reasons, the State's petition for rehearing is denied.

STATON, J., concurs.

RILEY, J., votes to grant.