## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2017, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marc Halata
The Law Offices of Marc Halata, LLC
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark Weakly,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

May 24, 2017

Court of Appeals Case No.
49A02-1611-CR-2710

Appeal from the Marion Superior
Court

The Honorable Linda E. Brown,
Judge

Trial Court Cause No.
49F10-0508-CM-144946

**Bradford, Judge.**

# Case Summary

[1] Appellant-Petitioner Mark Weakly was convicted of Class A misdemeanor battery in February of 2006, after committing a battery against his daughter. He successfully completed the terms of his probation in June of 2006. On September 20, 2016, Weakly filed a petition seeking the restoration of his right to possess a firearm in accordance with Indiana Code section 35-47-4-7, which provides the procedure for seeking the restoration of the right to possess a firearm after an individual is convicted of domestic battery. The trial court denied Weakly's petition, finding that because Weakly was not convicted of domestic battery, Indiana Code section 35-47-4-7 did not apply to him. Weakly subsequently filed a motion to reconsider. Following a hearing, the trial court denied Weakly's motion, again finding that because Weakly was not convicted of domestic battery, Indiana Code section 35-47-4-7 did not apply to him. Weakly challenges the trial court's order on appeal.

[2] Upon review, we conclude that the trial court correctly determined that Indiana Code section 35-47-4-7 does not apply to Weakly as he was convicted of battery, not domestic battery. Therefore, trial court also correctly determined that it could not grant Weakly the requested relief. We affirm the judgment of the trial court.

# Facts and Procedural History

[3] On August 24, 2005, Appellee-Respondent the State of Indiana ("the State") charged Weakly with Class A misdemeanor battery, alleging that Weakly battered his daughter. On February 6, 2006, Weakly pled guilty to the Class A misdemeanor battery charge. He was subsequently sentenced to probation. Weakly successfully completed his probation and was discharged from probation on June 16, 2006.

[4] On September 20, 2016, Weakly filed a petition seeking the restoration of certain rights pursuant to Indiana Code section 35-47-4-7, including the right to possess a firearm. In this petition, Weakly asserted that he "pled guilty to Class A Misdemeanor Domestic Battery on [February 6, 2006] under cause number 49F10-0508-CM-144946." Appellant's App. Vol. II, p. 10. Weakly further asserted that he was successfully released from probation on June 16, 2006, that he had not been convicted of any other crimes, that "[f]ederal and state law holds that mere expungement is not sufficient to restore firearm rights and that restoration must be granted under [Indiana Code section] 35-47-4-7," and that he "meets all of the necessary requirements to be granted restoration under [Indiana Code section] 35-47-4-7." Appellant's App. Vol. II, p. 10.

[5] On September 26, 2016, the trial court denied Weakly's petition seeking the restoration of his right to possess a firearm. In denying Weakly's petition, the trial court found as follows:

> 1. On August 24, 2005 the State of Indiana charged the defendant with one count of Battery, a Class A misdemeanor, pursuant to [Indiana Code section] 35-42-2-1.

> 2.  On February 6, 2006 the defendant pled guilty to count 1, Battery, a Class A misdemeanor and judgment of conviction was entered as to the same.
>
> 3.  On September 20, 2016 defendant filed his Petition for Restoration of Rights under [Indiana Code section] 35-47-4-7 stating that defendant pled guilty to Domestic Battery.
>
> 4.  The Court finds that the defendant was not convicted of Domestic Battery pursuant to the above entitled matter.

Appellant's App. Vol. II, p. 8.  As such, the trial court denied Weakly's petition for restoration of rights "under [Indiana Code section] 35-47-4-7 as it relates to case 49F10-0508-CM-144946."  Appellant's App. Vol. II, p. 8.

[6]  On October 7, 2016, Weakly filed a motion to reconsider the denial of his petition for a restoration of rights.  In this motion, Weakly stated the following:

> 1.  That [Weakly] … pled guilty to Class A Misdemeanor Battery on [February 6, 2006] under cause number 49F10-0508-CM-144946.
>
> 2.  That on [June 16, 2006, Weakly] was released from probation, having successfully completed all terms of said probation.
>
> 3.  [Weakly] has not been convicted of any other crimes since, and it has been over ten (10) years since conviction.
>
> 4.  Federal and state law holds that mere expungement is not sufficient to restore firearms rights and that restoration must be granted under [Indiana Code section] 35-47-4-7.
>
> 5.  This Court denied [Weakly's] restoration of rights on September 26, 2016.
>
> 6.  Indiana State Police and the federal government categorize [Weakly's] battery as a 'domestic' battery, though not in name, due to the conviction being a battery against a domestic partner or family member.
>
> 7.  Expungement is not enough to restore the federal

prohibition against fire possession.

8. Expungement will be completed once rights are restored.

9. [Weakly] meets all of the necessary requirements to be granted restoration under [Indiana Code section] 35-47-4-7.

10. Without restoration, the federal government and state police will not allow firearm possession, nor will the Indiana State Police issue a license to carry.

Appellant's App. Vol. II, pp. 6-7.

The trial court conducted a hearing on Weakly's motion to reconsider on November 2, 2016. During this hearing, the parties presented argument regarding whether the trial court had jurisdiction to grant Weakly's requested relief under Indiana Code section 35-47-4-7. Weakly argued that the trial court erred in denying his petition for the restoration of rights, asserting as follows:

Uh, the issue here is that Mr. Weakly has been red-flagged with a Federal prohibitor; and what that means is that he's no longer a proper person under federal law because what they do is-the feds actually look in the probable cause affidavit, look into the facts of the case. So what you have is when someone is charged with a domestic battery, and then they plead to a class A misdemeanor battery to avoid a domestic battery prohibition against firearms, the feds are still seeing that as meeting the criminal code for a Domestic Battery: A) a battery that my client pled to; B) that battery was against a spouse, ex-spouse, share a child in common; so they say that A plus B equal C. This is still a domestic battery even if not in name. Uh, a Restoration of Rights would be the only way to federally restore my client's rights to basically, get a license to carry, possess a firearm. Without this restoration, under 35-47-4-7 he will be unable to get off the federal prohibitor list. Expungement alone, in my opinion, uh, will not, uh, restore my client's rights because they'll still be flagged as a federal prohibitor. If you alone-if someone

has a domestic battery alone in Indiana, and you get that domestic battery expunged, when Indiana State Police goes to issue a license to carry they will still deny you because you did not have your rights restored. You will still be denied because the feds will still prohibit you.

**\*\*\*\***

This is a very, it's a Catch-22, Your Honor because you will not be able-you say, the court will say we cannot restore his rights because he was not convicted of a domestic battery. The feds will say, he had domestic battery because the facts meet that of a domestic battery even though he did not plead to it in name. He was convicted of a-he pled to a battery and that battery was against a domestic partner.[1] Uh, so really I think that each, each entity is passing the buck and saying it's not ours, it's not our jurisdiction, it's not our jurisdiction. There's just no way to fix it. I think that, if the court argues that this, their Order will not be accepted by the feds; I say that's a risk I'm willing to take. Uh, but in the end, if he was convicted of an out-right domestic battery, this court would have-I would have seen no reason for this court to have not given my client a restoration of rights under 35-47-4-7. But in essence, that's what this is. This is a domestic battery. It is a battery he pled to against a domestic partner; and in my opinion this is the only way to properly restore his rights under state and federal, uh-I guess under the state and the federal viewpoint. And that's it.

Tr. pp. 3-5. The State countered, arguing as follows:

Thank you, Your Honor. It is the position of the State that the court doesn't have any jurisdiction or standing, and the petitioner/defendant has no standing to ask for relief simply

---

[1] It is important to note that counsel's argument in this regard is inaccurate as Weakly pled guilty to a battery against his daughter, not a battery against a domestic partner. As is discussed below, a domestic partner and a child are treated differently by Indiana law.

because the State would ask the court to take judicial notice of its record. It did accept a plea to battery as a class A misdemeanor, not domestic battery. Uh, the only remedy which, uh, defense is talking deals with if you got convicted of domestic battery.

****

This court didn't take anything away from him. The State of Indiana through its statutes didn't take anything away from him. This court can't restore something that was not taken away by the laws of the State of Indiana or by an Order of this court. And doing the court order it gave him his time, and his fines, his costs, his fees. It didn't say anything about restoration or costs of a gun, or the right to own a gun. And this is a federal matter. The feds would have to be convinced based on the expungement and the fact that he is a proper person that this no longer applies. But it goes beyond the State of Indiana, beyond our jurisdiction to make that decision. We think the court's decision was correct. The court does not have jurisdiction to do anything with the guns.

Tr. pp. 5-7.

[8] At the conclusion of the hearing, the trial court stated "I agree with the State counsel. I don't think this court has jurisdiction. I am denying the motion[.]" Tr. p. 9. Soon thereafter, the trial court issued an order denying Weakly's motion to reconsider. This appeal follows.

# Discussion and Decision

[9] In the instant matter, Weakly seeks the restoration of his right to possess a firearm pursuant to Indiana Code section 35-47-4-7. Indiana Code section 35-47-4-7(a) generally provides that a person who has been convicted of a "crime

of domestic violence" may not possess a firearm. The statute further provides that:

> (b) Not earlier than five (5) years after the date of conviction, a person who has been convicted of a crime of domestic violence may petition the court for restoration of the person's right to possess a firearm. In determining whether to restore the person's right to possess a firearm, the court shall consider the following factors:
> > (1) Whether the person has been subject to:
> > > (A) a protective order;
> > > (B) a no contact order;
> > > (C) a workplace violence restraining order; or
> > > (D) any other court order that prohibits the person from possessing a firearm.
> > (2) Whether the person has successfully completed a substance abuse program, if applicable.
> > (3) Whether the person has successfully completed a parenting class, if applicable.
> > (4) Whether the person still presents a threat to the victim of the crime.
> > (5) Whether there is any other reason why the person should not possess a firearm, including whether the person failed to satisfy a specified condition under subsection (c) or whether the person has committed a subsequent offense.

Ind. Code § 35-47-4-7(b).

[10] In relation to Indiana Code section 35-47-4-7, the Indiana General Assembly has specifically defined the term "crime of domestic violence" as follows:

"Crime of domestic violence", for purposes of IC 5-2-6.1, IC 35-38-9, and IC 35-47-4-7, means an offense or the attempt to commit an offense that:

> (1) has as an element the:
> > (A) use of physical force; or
> > (B) threatened use of a deadly weapon;
> > and
> (2) is committed against a:
> > (A) current or former spouse, parent, or guardian of the defendant;
> > (B) person with whom the defendant shared a child in common;
> > (C) person who was cohabiting with or had cohabited with the defendant as a spouse, parent, or guardian; or
> > (D) person who was or had been similarly situated to a spouse, parent, or guardian of the defendant.

Ind. Code § 35-31.5-2-78.

Indiana Code section 35-31.5-2-78 clearly defines the term "crime of domestic violence" as it applies to Indiana Code section 35-47-4-7. We have previously concluded that "when a statute is clear and unambiguous on its face, this court need not, and indeed must not interpret that statute." *Campbell v. State*, 716 N.E.2d 577, 578-79 (Ind. Ct. App. 1999) (citing *Ind. Dep't of Nat. Res. v. Peabody Coal Co.*, 654 N.E.2d 289, 295 (Ind. Ct. App. 1995)).

> A clear and unambiguous statute is not the subject of judicial construction, *Indiana Patient's Compensation Fund v. Anderson*, 661 N.E.2d 907, 909 (Ind. Ct. App. 1996), *trans. denied*, and must be held to mean what it plainly expresses. *Indiana State Bd. of Health v. Journal-Gazette Co.*, 608 N.E.2d 989, 992 (Ind.Ct.App.1993),

*trans. granted*, *opinion adopted*, 619 N.E.2d 273 (Ind. 1993). Such a statute must be given its apparent or obvious meaning. *Id*.

*Id*. at 579.

[12] The record reveals that Weakly was convicted of Class A misdemeanor battery rather than the specified crime of domestic battery. Further, for the purposes of Weakly's argument on appeal, the definition of the term "crime of domestic violence" does not include a child or step-child.[2] Given the clear and unambiguous nature of Indiana Code § 35-31.5-2-78, we must give the statute it's obvious meaning.

[13] Upon review, we agree with the trial court's determination that Weakly was not convicted of a crime of domestic violence as the term is applied under Indiana Code section 35-47-4-7 and, as such, Weakly is not required to follow the provisions set forth in Indiana Code section 35-47-4-7 for restoration of his right to possess a firearm.[3] We therefore affirm the trial court's denial of Weakly's petition for the restoration of his rights and motion to reconsider said petition.

---

[2] The State correctly points out that the General Assembly has drafted other statutes involving violence in a household to include children or step-children. *See* Ind. Code §§ 35-42-2-1, 35-42-2-1.3. The State further correctly points out that such statutory language indicates that the General Assembly "knows how to draft a statute that encompasses crimes committed against the person's child when the legislature wants the definition to extend to such relationships." Appellee's Br. p. 8 n.2.

[3] In reaching this conclusion, we note that Weakly points to nothing in the record which indicates that he is prohibited from possessing a firearm under any law of the State. To the extent that federal law prohibits Weakly from possessing a firearm, any challenge to such prohibition should be addressed with the federal government as Weakly has failed to point to any authority suggesting that the State has the authority to reinstate a federal right which has been restricted by the federal government. In addition, we make no

The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.

---

opinion as to whether the expungement of Weakly's conviction would be sufficient to satisfy any applicable federal provisions relating to the reinstatement of the federal right to possess a firearm. Any questions relating to the steps that Weakly must complete before granting such reinstatement by the federal government should be addressed to the appropriate federal agency.