## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2017, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dillon Martin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 6, 2017<br><br>Court of Appeals Case No.<br>32A01-1610-CR-2472<br><br>Appeal from the Hendricks Superior Court.<br>The Honorable Mark A. Smith, Judge.<br>Trial Court Cause No.<br>32D04-1307-FC-91 |

**Darden, Senior Judge**

## Statement of the Case

[1] Dillon Martin appeals the sentence the trial court imposed after revoking his placement in a work release program. We reverse and remand.

# Issue

Martin presents one issue for our review, which we restate as: whether Martin was improperly divested of good time credit he earned while in a community corrections work release program.

# Facts and Procedural History

On July 26, 2013, the State charged Martin with possession of a narcotic drug as a Class C felony.[1] Pursuant to a plea agreement, Martin pleaded guilty to the charge on May 20, 2014 and was sentenced to 1,460 days with 730 days suspended to probation. Martin was to serve his executed time on home detention.

Shortly thereafter on September 12, 2014, the State filed a notice of probation violation for a failed drug screen in which Martin tested positive for morphine. He admitted to the violation and was sentenced to 120 days at the Department of Correction (DOC) with credit for 40 days plus 40 days of good time credit. Martin was to complete the balance of his original home detention sentence upon release from the DOC.

The State again filed a notice of probation violation on February 25, 2015, alleging that Martin failed another drug screen by testing positive for marijuana. Martin admitted to violating the conditions of his home detention, and the

---

[1] Ind. Code § 35-48-4-6 (2006).

court sentenced him to 216 days at the DOC with credit for 27 actual days and 27 days of good time credit.

[6] On November 9, 2015, the State filed a notice of probation violation alleging Martin committed an additional criminal offense by unlawfully possessing a syringe. Additionally, on December 7, 2015, the State filed yet another notice of probation violation alleging Martin had committed the additional offenses of possession of paraphernalia, possession of paraphernalia with a prior, and possession of marijuana. In April 2016, Martin admitted to the violation that alleged he had committed three new drug offenses, and the court sentenced him to serve 568 days on work release and terminated his probation as unsuccessful.

[7] Subsequently, on September 6, 2016, the work release facility filed documents with the court notifying it that Martin had violated the rules in numerous instances and requesting that he be terminated from the work release program and immediately removed from the facility. The documents reflected that on May 15, 2016, Martin was written up and sanctioned for possessing tobacco in the secured area. On July 18, 2016, Martin was written up for disorderly conduct and was penalized by a loss of 30 days of good time credit. The following day, Martin was again written up for disorderly conduct and was sanctioned by a loss of 60 days of good time credit. On August 24, 2016, Martin was written up and sanctioned for using morphine without a prescription based upon a failed drug screen. Consequently, he lost an additional 30 days of good time credit. Finally, on September 2, 2016, as a result of another failed drug screen, Martin was found to have used codeine and

morphine without a prescription. In lieu of sanctions, the work release department requested that Martin's work release be revoked.

[8] The court held an evidentiary hearing on the State's notice of work release violation on September 26, 2016. Martin admitted to the violation, and the court revoked his work release placement and sentenced him to 568 days in the DOC with credit for 155 actual days served and 35 days of good time. Martin now appeals.

## Discussion and Decision

[9] Martin contends he was wrongly deprived of good time credit when, following the revocation of his work release placement, he was ordered to serve 568 days with credit for 155 actual days and only 35 days of good time credit.

[10] Some statutory background will be helpful to our discussion. A defendant placed directly in a local community corrections program is entitled to earn good time credit. Ind. Code § 35-38-2.6-6(c) (2015). The amount of credit time earned depends on the class of the offender. *See* Ind. Code § 35-50-6-3 (2015). When it comes to dealing with an offender who is found to have violated the terms of his placement, the legislature has given community corrections directors four alternatives. The director may (1) change the terms of the placement; (2) continue the placement; (3) reassign the offender to a different program; or (4) request that the court revoke the placement and commit the offender to jail or the DOC for the remainder of his sentence. Ind. Code § 35-38-2.6-5 (2015).

[11] Here, Martin served 155 days on work release. Thus, Martin earned 155 days of good time credit, and the parties present no disagreement as to the calculation of Martin's earned good time credit. However, when Martin violated the work release rules, the director deducted days from Martin's earned good time credit instead of utilizing the four alternatives set forth in Indiana Code section 35-38-2.6-5. The director's affidavit in support of the work release facility's petition to terminate Martin's work release placement indicates that Martin was deprived of 30 days of good time credit on July 18, 2016, 60 days of good time credit on July 19, 2016, and an additional 30 days of good time credit on August 24, 2016. This amounts to 120 days of good time credit that was taken away by the work release director due to Martin's conduct violations. This was later reflected in the trial court's order revoking his work release placement and ordering him to serve the remainder of his sentence in the DOC. Martin asserts the director lacked the authority to take away his good time credit.

[12] Although our legislature has provided for the deprivation of good time credit for offenders directly placed in community corrections programs, the statute does not expressly give the directors of these programs such authority. Rather, the statute provides that an offender who, upon direct placement, is in a community corrections program may be deprived of earned good time credit "as provided under rules adopted by the department of correction under IC 4-22-2." Ind. Code § 35-38-2.6-6(d) (2015). The DOC, as of yet, has not adopted any rules in this regard. Thus, as our Supreme Court very recently determined,

while this provision gives the DOC discretion to promulgate rules related to the deprivation of earned credit time, including the delegation of such authority to other entities, for reasons not known to us, the DOC has not done so. *Shepard v. State*, No. 84S01-1704-CR-190 (Ind. Oct. 20, 2017) (holding that community corrections director lacked authority to deprive defendant of earned good time credit and reversing trial court's good time credit determination that did not include good time credit defendant earned while in work release program). Accordingly, the director of work release in this case was without authority to deprive Martin of earned credit time.

[13] In support of the director's actions in this case, the State cites Indiana Code subsection 35-50-6-5(a)(2) and (3) (2015). Subsection (a) provides that an offender may be deprived of good time credit for a violation of a rule of a penal facility or a community corrections program. However, a panel of this Court has previously held that deprivation of earned credit time for offenders in community corrections programs is governed by Indiana Code section 35-38-2.6-6(d) (rules adopted by the DOC) and not by Indiana Code chapter 35-50-6 (statutes that establish procedures for release from imprisonment and credit time). *See Campbell v. State*, 716 N.E.2d 577 (Ind. Ct. App. 1999) (op. on reh'g).

# Conclusion

[14] For the reasons stated, we conclude the work release director lacked the authority to deprive Martin of any earned good time credit. Accordingly, we reverse the trial court's good time credit determination and order the trial court

on remand to recalculate Martin's good time credit to include the 120 days he earned while serving in the work release program.

[15]    Reversed and remanded with instructions.


Vaidik, C.J., and Pyle, J., concur.