

FILED

Dec 07 2020, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John J. Moore
Megan E. Cain
Tuohy Bailey & Moore LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Joshua W. Casselman
Rubin & Levin, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

The Sullivan Corporation,
*Appellant-Plaintiff,*

v.

Rabco Enterprises, LLC,
*Appellee-Defendant.*

December 7, 2020

Court of Appeals Case No.
20A-PL-1444

Appeal from the Hamilton
Superior Court

The Honorable Jonathan M.
Brown, Judge

Trial Court Cause No.
29D02-1909-PL-8958

**Bradford, Chief Judge.**

# Case Summary

The Sullivan Corporation ("Sullivan") and Rabco Enterprises, LLC ("Rabco") entered into a contract for work relating to a construction project in Noblesville. On September 24, 2019, Sullivan filed the underlying lawsuit, alleging that Rabco had breached the parties' contract. Rabco filed a motion to dismiss, arguing that pursuant to the forum-selection clause in the parties' contract, the proper venue for Sullivan's lawsuit was either the state or federal courts located in Orange County, Florida. Sullivan appeals after the trial court granted Rabco's motion to dismiss. Concluding that the parties' forum-selection clause was void and unenforceable pursuant to Indiana Code section 32-28-3-17, we reverse and remand the matter to the trial court for further proceedings.

# Facts and Procedural History

On August 29, 2017, Sullivan and Rabco entered into a written contract for Rabco to provide labor and materials in connection with a construction project known as "146th Street Self Storage" in Noblesville. Appellant's App. Vol. II p. 13. Per the terms of the contract, Rabco agreed to provide timely plans for the project, appropriate materials for the project, and appropriate equipment to complete the work. In exchange, Sullivan agreed to pay Rabco the sum of $1,143,940. The parties' contract contained a forum-selection clause, which read as follows:

> This contract shall be deemed to have been executed in and performable in the state of Florida and shall be construed under Florida law, without regard to said state's conflicts of law rules (except that the lien laws of the state in which the job site is situated shall apply to the Rabco's lien rights). It is agreed that the exclusive venue for any litigation arising hereunder shall be in the state or federal courts in Orange County, Florida.

Appellant's App. Vol. II p. 22.

[3] On September 24, 2019, Sullivan filed the underlying lawsuit, alleging that Rabco had breached the parties' contract. Rabco subsequently moved to dismiss the lawsuit "based on the forum-selection clause." Appellant's App. Vol. II p. 39. In its reply, Sullivan argued that the forum-selection clause was unenforceable pursuant to Indiana Code section 32-28-3-17. On July 8, 2020, the trial court found that the forum-selection clause was valid and enforceable and granted Rabco's motion to dismiss.

# Discussion and Decision

[4] This appeal centers around the question of whether the trial court erroneously enforced the forum-selection clause found in the parties' contract. Generally, "[f]orum selection clauses—even those occurring in form contracts—are enforceable if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court." *Adsit Co. v. Gustin*, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007). However, Indiana Code section 32-28-3-17 provides: "[a] provision in a contract for the improvement of real estate in Indiana is void if

the provision: (1) makes the contract subject to the laws of another state; or (2) requires litigation, arbitration, or other dispute resolution process on the contract occur in another state."

[5] In finding that the forum-selection clause was enforceable, the trial court found that "there is no evidence of fraud or overreaching, nor are there any allegations of such." Appellant's App. Vol. II p. 7. The trial court also determined that because Indiana Code section 32-28-3-17 "is a part of Indiana's statutes governing mechanic's liens," Appellant's App. Vol. II pp. 7–8, it would be "inappropriate for the Plaintiff to utilize the mechanic lien statute as a sword to achieve its own objective." Appellant's App. Vol. II p. 8. On appeal, Sullivan argues that the trial court erred in determining that Indiana Code section 32-28-3-17 applies only in the context of mechanics liens. Thus, at issue in this appeal is the proper interpretation of Indiana Code section 32-28-3-17.

[6]    In statutory construction, our primary goal is to ascertain and give effect to the intent of the legislature. *Gray v. D & G, Inc.*, 938 N.E.2d 256, 259 (Ind. Ct. App. 2010). The language of the statute itself is the best evidence of legislative intent, and we must give all words their plain and ordinary meaning unless otherwise indicated by statute. *Id.* Furthermore, we presume that the legislature intended statutory language to be applied in a logical manner consistent with the statute's underlying policies and goals. *Id.* However, we will not interpret a statute which is clear and unambiguous on its face; rather, we will give such a statute its apparent and obvious meaning. *Ind. State Bd. of Health v. Journal–Gazette Co.*, 608 N.E.2d 989, 992 (Ind. Ct. App. 1993), *adopted*, 619 N.E.2d 273 (Ind. 1993).

*U.S. Steel Corp. v. N. Ind. Pub. Serv. Co.*, 951 N.E.2d 542, 552 (Ind. Ct. App. 2011).

[7]     Sullivan cites to the United States District Court for the Northern District of Indiana's unpublished decision in *Pirson Contractors, Inc. v. Scheuerle Fahrzeugfabrik GmbH*, No. 2:07 CV 123, 2008 WL 927645 (N.D. Ind. Apr. 3, 2008), in support of its claim that Indiana Code section 32-28-3-17 should be broadly applied to all cases involving the improvement of real estate. In that case, the District Court determined that Indiana Code section 32-28-3-17 "speaks in broad terms that reach every contract for the improvement of real estate, regardless of whether the party to the contract has, or could, assert a mechanic's lien." *Pirson Contractors*, No. 2:07 CV 123, 2008 WL 927645, at *3. The District Court rejected the defendant's "attempts to read a requirement into the statute that a party first assert a lien before this statute becomes operative by virtue of its placement in this section of the Indiana Code alone" and held that "there is no basis to require a plaintiff to first assert a mechanic's lien as a prerequisite to the enforcement of [Indiana Code section] 32-28-3-17." *Id.* Based on this holding, the District Court refused to enforce the parties' forum-election and choice-of-law provisions. *Id.* While not binding, we find the District Court's decision to be persuasive.

[8]     Furthermore, a reading of various sections that fall under Indiana Code chapter 32-28-3 reveals that the General Assembly had the ability and forethought to use language limiting the various sections of Indiana Code chapter 32-28-3 to the protection/enforcement of liens when the General Assembly intended that

result. For example, both Indiana Code section 32-28-3-16 and Indiana Code section 32-28-3-18 specifically reference liens. The General Assembly, however, did not reference liens or use any language limiting application of the statute to situations involving liens in codifying Indiana Code section 32-28-3-17. The General Assembly could easily have included such limiting language had that been its intent. *See Ansert Mech. Contractors, Inc. v. Ansert*, 690 N.E.2d 305, 308 (Ind. Ct. App. 1997) ("Had the legislature intended such a limitation, it could have easily done so with slight modification to the wording of the statute."). Thus, one may reasonably infer that the General Assembly did not intend to limit application of Indiana Code section 32-28-3-17 to situations involving mechanics liens.

[9] Given that the General Assembly did not include language limiting the application of Indiana Code section 32-28-3-17 to situations involving mechanics liens, we conclude that the statute should be read broadly to apply to all contracts for the improvement of real estate in Indiana. As such, we further conclude that the trial court erred in finding both that Indiana Code section 32-28-3-17 did not apply to the parties' contract and that the forum-selection clause was valid and enforceable.

[10] The judgment of the trial court is reversed, and the matter remanded for further proceedings.

Kirsch, J., and May, J., concur.